NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0274n.06

Case No. 22-3687

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jun 13, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| MARION D. JENKINS, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: WHITE, THAPAR, and NALBANDIAN, Circuit Judges.

THAPAR, Circuit Judge. When investigators searched a residence at which Marion D. Jenkins was staying, they found cocaine, drug-trafficking paraphernalia, and two loaded guns. The district court denied Jenkins's motion to suppress that evidence, and Jenkins appeals that decision. We affirm.

I.

On October 17, 2019, Cleveland Police Department officers executed a buy-bust operation with a confidential informant. The informant got in Jenkins's black Cadillac and purchased $150 worth of cocaine from Jenkins. Jenkins was arrested for the sale and later released. That same month, the confidential informant told police that the informant had "helped Marion Jenkins move furniture into [the residence] and saw narcotics being packaged into clear baggies by unknown males who [the informant] believes work for Marion Jenkins." R. 38-1, Pg. ID 134. During

October and November 2019, the officers surveilled the residence, where, on several occasions, they saw Jenkins's Cadillac parked out front. On November 7, 2019, the officers conducted a "trash pull" outside of the residence. They found plastic baggies, a wipe, and a razor blade laden with suspected cocaine residue and a pill-press box (often used to press drugs into small discs). A field test of the residue on the baggies tested positive for cocaine.

Relying on this information, the officers got a warrant to search the residence. During the search, they found Jenkins asleep on an air mattress in the living room. They also discovered large quantities of cocaine, two loaded guns, two scales, $5,000 cash, and other drug paraphernalia.

Jenkins moved to suppress the evidence obtained during the search, claiming the warrant wasn't supported by probable cause. The district court denied his motion, and Jenkins pled guilty to all but one charge. But he preserved his right to appeal the denial of his motion to suppress. He now appeals that denial.

## II.

Probable cause is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014). To issue a warrant, a magistrate judge need only decide there's a "fair probability" that, given "all the circumstances set forth in the affidavit," the search will yield evidence of criminal activity. *United States v. Brown*, 828 F.3d 375, 381 (6th Cir. 2016) (quoting *Illinois v. Gates*, 462 U.S. 213, 218 (1983)). And our review is limited to ensuring that the magistrate judge had a "substantial basis" for deciding probable cause existed. *Gates*, 462 U.S. at 236.

Jenkins argues the officers lacked probable cause to search the residence because (1) the officers failed to link his drug dealing to the residence they searched and (2) the confidential informant was not reliable. Both arguments fail.

First, the officers had ample information "directly connect[ing]" Jenkins's drug dealing to the residence. *See United States v. Miller*, 850 F. App'x 370, 373 (6th Cir. 2021) (noting probable cause to search a home can exist when evidence "directly connects" the home to drug dealing (citing *Brown*, 828 F.3d at 384)). Indeed, an informant told police that Jenkins used the residence to package and sell drugs. Police observed that informant purchasing drugs in Jenkins's car during a controlled buy within a few blocks of the residence, and police saw that same car outside the residence on multiple occasions. Officers also found drug paraphernalia in a garbage can in front of the residence. Because this evidence tied Jenkins's ongoing drug-dealing activities to the residence, police had probable cause to search that residence. *Cf. United States v. Reed*, 993 F.3d 441, 448–49 (6th Cir. 2021) (collecting cases).

In response, Jenkins tries to explain the evidence away, arguing, for example, that he parked his car outside the residence because his mom lives down the street. But the officers needed "probable" cause, not certain cause. Based on all the evidence, the magistrate judge had "a substantial basis" to issue the warrant. *Gates*, 462, U.S. at 236.

Second, these same facts defeat Jenkins's argument that the confidential informant was unreliable. After all, the officers double-checked the confidential informant's tip, and when the results corroborated the informant's story, they didn't need to do more to ensure the informant's reliability. *See Draper v. United States*, 358 U.S. 307, 313 (1959) (noting a tip from a confidential informant can be reliable if corroborated); *Gates*, 462 U.S. at 243–45 (reaching the same conclusion with an anonymous tip).

We affirm.